IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:07-cr-00077

CARLTON PARLEY MUSICK, JR.,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction ordered herein.

Defendant was originally sentenced on December 6, 2007, after the new Guidelines took effect. He subsequently filed a motion for retroactive application of the Guideline amendments on March 31, 2008. The Court denied that motion because Defendant had previously been sentenced under the new Guideline regime.

The Guidelines were amended again, however, effective May 1, 2008, to correct the manner by which offense levels that include multiple drug types are calculated. Defendant filed another pro se motion seeking the appointment of counsel to assist in obtaining a reduction under the new regime. Under this most recent amendment, it appears that Defendant is now eligible for a reduction in sentence.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by 2 levels, resulting in a new total offense level of 21. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 52 months, with credit for time served to date.[*] This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

**IT IS SO ORDERED.**

---

[*] Defendant's original Guideline range was 84-106 months, however, the Court granted the Government's motion for substantial assistance and sentenced Defendant to 63 months, or 75 percent of the low end of the Guideline range. Accordingly, Defendant's new sentence of 52 months is 75 percent of the low end of his new Guideline range, 70-87 months.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:      December 16, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE